**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESSICA FRANCIA,

                Plaintiff - Appellant,

  v.

CITY OF SAN JACINTO,

                Defendant - Appellee.

No. 12-55483

D.C. No. 2:10-cv-02654-DMG-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted October 11, 2013[**]
Pasadena, California

Before: PAEZ and HURWITZ, Circuit Judges, and ERICKSON, Chief District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ralph R. Erickson, Chief District Judge for the U.S. District Court for the District of North Dakota, sitting by designation.

Petitioner Jessica Francia appeals the district court's grant of summary judgment in favor of the City of San Jacinto on each of her claims under 42 U.S.C. § 1983 and the California Constitution. We have jurisdiction pursuant to 28 U.S.C. § 1291 and now affirm.

"A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Wedges/Ledges of Calif., Inc. v. City of Phx.*, 24 F.3d 56, 62 (9th Cir. 1994). Francia has no legally protected property interest in unrestricted and unmodified access to her business. *People v. Ayon*, 352 P.2d 519, 522 (Cal. 1960).

Francia's claim for inverse condemnation under Article I, Section 19 of the California Constitution fails for the same reason. The California Supreme Court has expressly held "[t]he property owner has no constitutional right to compensation simply because the streets upon which his property abuts are improved so as to affect the traffic flow on such streets. If loss of business or of value of the property results, that is noncompensable." *Ayon*, 352 P.2d at 522.

Finally, because Francia has failed to establish that the City deprived her of a federal constitutional right, she cannot establish liability under *Monell v. Department of Social Services*, 436 U.S. 658, 690–91 (1978).

For the foregoing reasons, the district court's order granting summary judgment in favor of San Jacinto on all claims is **AFFIRMED**.